IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

BEN ISMA'EL TRIBAL REPUBLIC, *et al.,*,     Case No. 3:11 CV 2066

                               Plaintiff,          <u>MEMORANDUM OPINION</u>

        -vs-

PTL. Z. LELAND, *et al.*,

                           Defendants.

KATZ, J.

    *Pro se* Plaintiffs Ben Abi Timothee del Cartier Bey (aka Timothy Carter Jr.), El Dada: Bey, Ali McVay, Khalid Rafiq Bey, and El Buruj Ben Isma'el Ali-Imuran filed the above-captioned action under the United States Constitution, the Treaty of Peace and Friendship, the Free Trade Agreement between the United States and Morocco, and 18 U.S.C. § 242, against Lima, Ohio Patrolman Z. Leland, Lima Municipal Court Judge William J. Lauber[1], Lima Municipal Court Clerk of Court Ben E. Diepenbrock[2], Allen County Juvenile Court Judge Glenn H. Derryberry, Lima Municipal Court Magistrate David A. Cheney.  In the Complaint, Plaintiff Ben Abi Timothee del Cartier Bey alleges he was denied due process in a traffic case in the Lima, Ohio Municipal Court.

---

[1]    Plaintiffs incorrectly identify Judge Lauber as the court administrator.

[2]    Plaintiffs incorrectly identify him as a "CPA."

He seeks monetary damages.

Plaintiffs also filed an Application to proceed *In Forma Pauperis*.  That Application is granted.

**I. Background**

Plaintiff Ben Abi Timothee del Cartier Bey was riding a bicycle on roads in the City of Lima, Ohio on August 23, 2010 when he was stopped by Patrolman Leland for failing to observe and obey a stop sign.  Plaintiff was given a traffic ticket for the offense.  A court date was set for August 30, 2010 at 2:00 p.m. in the Lima Municipal Court.  His encounter with the officer appears to have escalated because Plaintiff was also charged with falsification, obstructing official business, resisting arrest, failure to identify, and persistent disobedient conduct.  Plaintiff alleges he was arrested and his bicycle and bag containing his X-box gaming system were confiscated.

Plaintiff contends he made a "special appearance" in court on the August 30, 2010 to "clear up [the] matter."  (ECF No. 1 at 2.)  He advised Judge William Lauber that he was present by special appearance as an indigenous Moor and "the corporate person that was fraudulently [summoned] was ex relatione and there would be no plea made due to lack of proof of jurisdiction... ."  (ECF No. 1 at 2.)  The Judge indicated he would enter a plea of "not guilty" on behalf of the Plaintiff.  He objects to Judge Lauber's actions as the practice of law.

Two days later, Plaintiff sent a document entitled "Writ in the Nature of Discovery" to the Lima Municipal Court requesting certified official copies of the "delegation of authority order as proof of jurisdiction."  (ECF No. 1 at 2.)  He gave the court fourteen days to respond.  The court liberally construed this document as a Motion to Dismiss for Lack of Jurisdiction and Personal Immunity and denied it on September 16, 2011.  The Order was addressed to Timothy Carter, Jr.

aka Ben Abi Timothee del Cartier Bey.  Plaintiff wrote on the back of the Order "no motion was ever mentioned or entered into the courtroom record, my name isn't aka but is and was ben abi timothee del cartier bey" and returned it to the Lima Municipal Court.

The Lima Municipal Court then sent Plaintiff a summons on September 21, 2010 indicating a pretrial hearing would take place on September 28, 2010.  Plaintiff responded by submitting a document entitled "Notice of Default Judgment."  (ECF No. 1 at 2.)  He contends the court did not honor his Notice of Default Judgment and thereby denied him due process.  He seeks damages for lost wages, physical pain and suffering and incurred medical expenses.

## II.  Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[3]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

---

[3]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir.1998).

## III. Discussion

As an initial matter, there are no factual allegations in the Complaint which apparently pertain to El Dada: Bey, Ali McVay, Khalid Rafiq Bey, or El Buruj Ben Isma'el Ali-Imuran. Exhibit E1 to the Complaint is a trial notice for a seat belt violation for Terry K. McVay. The Court believes this is probably Ali McVay Bey. Exhibit E2 is an opinion in a juvenile court case which looks to be a child support enforcement action against Danny Craig Dansby. The is no indication which Plaintiff, if any, is the individual referred to as Danny Dansby. There are no allegations in the body of the Complaint that explain how these documents are pertinent to the case before the Court and there are no legal claims that pertain to wrongs done to these individuals. In fact, the Complaint rests entirely on allegations that Ben Abi Timothee del Cartier Bey's rights were violated.

## A. Standing

-4-

In every federal case, the party bringing the suit must establish standing to prosecute the action.  The question of standing asks whether the litigant is entitled to have the Court decide the merits of a particular claim. *Warth v. Seldin*, 422 U.S. 490, 499 (1975);  *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985).  Consistent with these principles, the concept of standing contains two parts.  First, there is Article III standing, which enforces the Constitution's case or controversy requirement. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-562 (1992).  The second part is prudential standing, which embodies "judicially self-imposed limits on the exercise of federal jurisdiction." *Allen v. Wright*, 468 U.S. 737, 751 (1984).  The Article III limitations require a plaintiff to show that the conduct of which he complains has caused him to suffer an "injury in fact" that a favorable judgment will redress.  *See Lujan*, 504 U.S. at 560- 561. Prudential standing encompasses the general prohibition on a litigant's raising another person's legal rights, the rule barring adjudication of generalized grievances more appropriately addressed in the representative branches, and the requirement that a plaintiff's Complaint fall within the zone of interests protected by the law invoked.  *Allen*, 468 U.S. at 751.

El Dada: Bey, Ali McVay, Khalid Rafiq Bey, and El Buruj Ben Isma'el Ali-Imuran lack standing to raise the claims asserted in the Complaint.  The factual allegations in the Complaint do not suggest that they have not suffered an injury in fact.  Although they may be collaterally affected by the adjudication of Ben Abi Timothee del Cartier Bey's rights, this relationship is insufficient to extend this Court's Article III powers to them.  *Allstate Insurance Co.*, 760 F.2d at 692.  The Court will consider only the claims asserted by Ben Abi Timothee del Cartier Bey.

## B.  No Private Cause of Action

Although Ben Abi Timothee del Cartier Bey may have standing to bring this action, the

majority of his claims rest on authority which does not provide a private cause of action in a civil case.  The Treaty of Peace and Friendship governs relationships between Moroccan citizens and United States citizens.  See *Vuaai El v. Mortgage Electronic Registry System*,  No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009); *Berriochoa Lopez v. U.S.*, 309 F.Supp.2d 22, 28 -29 (D.D.C. 2004).  Ben Abi Timothee del Cartier Bey claims to be an "Indigenous American National."  In other words, he was born in the United States.  There is no indication that he has Moroccan citizenship.  Moreover, even if he were a Moroccan citizen, the Treaty does not provide grounds for private parties to file civil actions.  *Vuaai El*,  No. 08-14190, 2009 WL 2705819, at n.11.  Ben Abi Timothee del Cartier Bey therefore cannot rely on the Treaty as the basis to assert claims against other United States citizens or local government officials.

Similarly, there is no private right of action under the North American Free Trade Agreement (NAFTA).  Section 102(b) ("Relationship of the Agreement to State law"), subpart (2) ("Legal Challenge"), provides:

> No State law, or the application thereof, may be declared invalid as to any person or circumstance on the ground that the provision or application is inconsistent with the Agreement, *except in an action brought by the United States* for the purpose of declaring such law or application invalid.

19 U.S.C. § 3312(b)(2) (emphasis added).  Furthermore, subsection (c) ("Effect of the Agreement With Respect to Private Remedies"), provides:

> No person *other than the United States*-
>
> (1) shall have any cause of action or defense under—
>
> (A) the Agreement or by virtue of Congressional approval thereof, or
> * * * * * *

> (2) may challenge, in any action brought under any provision of law, any action or inaction by ... any State ... on the ground that such action or inaction is inconsistent with the Agreement....

19 U.S.C. § 3312(c) (emphasis added). The statutory language of NAFTA bars private causes of action arising out of alleged NAFTA violations. *Berriochoa Lopez*, 309 F.Supp.2d at 28.

Ben Abi Timothee del Cartier Bey also asserts claims under 18 U.S.C. § 242. This is a criminal statute and provides no cause of action to civil plaintiffs. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent he is attempting to bring criminal charges against the Defendants, he cannot proceed. Criminal actions in the Federal Courts are initiated by the United States Attorney, not by private plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

## C. Civil Rights Claims

Ben Abi Timothee del Cartier Bey's only other discernable claim is that he was denied due process. Because the Constitution does not directly provide for damages, he must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of his constitutional claim, the Court construes it as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Ben Abi Timothee del Cartier Bey must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). He has not established any of these criteria.

Only Judge Lauber and Patrolman Leland are mentioned in the body of the Complaint. A

Plaintiff cannot establish the liability of any Defendant absent a clear showing that the Defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). The Complaint simply contains no facts which reasonably associate Lima Municipal Court Clerk of Court Ben E. Diepenbrock, Allen County Juvenile Court Judge Glenn H. Derryberry, Lima Municipal Court Magistrate David A. Cheney to any of the claims set forth by Ben Abi Timothee del Cartier Bey.

Furthermore, Judge Lauber is absolutely immune from suits for damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. *Stump*, 435 U.S. at 356-57. A judge will be not deprived of immunity even if the action he took was performed in error, done maliciously, or was in excess of his authority. Ben Abi Timothee del Cartier Bey contends Judge Lauber ignored the procedures he tried to create and thereby denied him due process. He does not have recourse against the Judge for damages under 42 U.S.C. §1983 for these actions.

Even if the Judge were not immune from damages, there are no allegations in the Complaint to suggest Ben Abi Timothee del Cartier Bey was denied due process. The Fourteenth Amendment

provides that "no person shall be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  In addition to setting the procedural minimum for deprivations of life, liberty, or property, the Due Process Clause bars "certain government actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). To assert a claim for denial of procedural due process, Ben Abi Timothee del Cartier Bey must plead and prove either that he was deprived of liberty or property as a result of an established state procedure that itself violates due process rights; or that the Defendants deprived him of liberty or property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation.  *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir 1991); *see Vicory v. Walton*, 721 F.2d 1062, 1064 (6th Cir. 1983).  He is not challenging an established state procedure, nor is he claiming the Defendant refused to follow an established state procedure. Instead, Ben Abi Timothee del Cartier Bey developed his own legal document and his own legal procedure and demanded compliance with it.  The Judge's refusal to acknowledge or respond to Ben Abi Timothee del Cartier Bey's demands is not a denial of due process.

Ben Abi Timothee del Cartier Bey does not state a claim against Patrolman Leland.  There are not apparent legal claims in the Complaint which pertain to this Defendant.  Principles requiring generous construction of *pro se* pleadings are not without limits.  *See Iqbal*, 129 S.Ct. at 1949; *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).  A Complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).  District courts are not required to conjure up questions never squarely presented to them or to construct full blown

-9-

claims from sentence fragments. *Beaudett*, 775 F.2d at 1278. The factual allegations in the Complaint are so brief that it is impossible to construe a legal claim against this Defendant without supplying unwarranted factual inferences.

Finally, even if Ben Abi Timothee del Cartier Bey's had stated a viable claim against a Defendant that is subject to suit in a civil rights action, he could not bring this claim in federal court to challenge state court criminal proceedings. If the state court proceedings are still be pending against him, this Court cannot intervene or interfere with that action. If the state court proceedings have concluded, Ben Abi Timothee del Cartier Bey cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. In both circumstances, Plaintiff's constitutional claims must be dismissed.

If the criminal charges against Ben Abi Timothee del Cartier Bey are still pending, this Court must abstain from hearing challenges to the State Court proceedings. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case. *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988). If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding. *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423,

432 (1982). Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 44.

All three factors supporting abstention are present, assuming the action is pending. State court criminal matters are of paramount state interest. *See Younger*, 401 U.S. at 44-45. *Younger* All that is required to satisfy the third element is that Ben Abi Timothee del Cartier Bey have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims. *Moore v. Sims*, 442 U.S. 415, 430 (1979). The burden at this point rests on Ben Abi Timothee del Cartier Bey to demonstrate that state procedural law bars presentation of his claims. *Pennzoil Co.*, 481 U.S. at 14. When a Plaintiff has not attempted to present his federal claims in the state-court proceedings, the federal court should assume that state procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against Ben Abi Timothee del Cartier Bey .

If the criminal proceedings against Ben Abi Timothee del Cartier Bey have concluded, he cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding

-11-

in *Heck* applies whether he seeks injunctive, declaratory or monetary relief.  *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at *1 (6th Cir. May 5, 1998).  Ben Abi Timothee del Cartier Bey's constitutional claim challenges the validity of the charges against him and the criminal proceedings themselves.  To assert these challenges, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision.  He has not done so.  Absent this information, claims of this nature cannot be asserted in a civil rights action.

## IV.  Conclusion

Accordingly, Plaintiffs' Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. § 1915(e).  Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

/s/ David A. Katz

_____
DAVID A. KATZ
U.S. DISTRICT JUDGE

---

[4]    28 U.S.C. § 1915(a) provides, in pertinent part:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-12-